UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NCH HEALTHCARE SYSTEM, INC.,

    Plaintiff,

v.        Case No.: 2:19-cv-786-FtM-38MRM

THE LEAPFROG GROUP,

    Defendant.
_____/

## **ORDER**[1]

Before the Court is Defendant The Leapfrog Group's Response to Order to Show Cause. (Doc. 8). The Court ordered Leapfrog to show cause as to why the amount in controversy meets the federal jurisdictional minimum. (Doc. 3 at 3-4). Leapfrog again contends the damages exceed $75,000. (Doc. 8). Not so fast, says Plaintiff NCH Healthcare System, Inc. (Doc. 9). NCH argues Leapfrog failed to satisfy its burden, so the Court should remand. (Doc. 9 at 5). The Court agrees with NCH and remands this case to state court.

Leapfrog publishes hospital safety grades. (Doc. 5 at 4). Leapfrog will soon publish a "D" safety grade for NCH.[2] (Doc. 5 at 2). NCH disagrees with the grade, alleging

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] According to the filings, the grade was set to be published yesterday. (Doc. 6 at 2). So as of this Order, Leapfrog may have already released the grade.

it is a false and deceptive statement. (Doc. 5 at 2). NCH brought three state-law claims and sought injunctive relief to prevent the grade's release. (Doc. 5 at 14-21). The Complaint merely alleges the amount in controversy exceeds $15,000. (Doc. 5 at 4).

Removal is only proper when the district court has original jurisdiction over the case. 28 U.S.C. § 1441(a). "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Because of "significant federalism concerns," courts interpret removal statutes strictly and resolve all doubts in favor of remand. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

At bottom, Leapfrog has a two-part position. First, the Complaint alleges NCH will suffer damages in "the loss of patients and revenue to the hospital [which] would be a significant harm to NCH and impair its ability to operate." (Doc. 5 at 20). So according to Leapfrog, this single statement means NCH is alleging "its very ability to continue to operate is threatened." (Doc. 8 at 2). Somehow, that allegation brings NCH's "ability to maintain operational solvency" into the mix. (Doc. 8 at 2). Considering NCH has $528,783 in annual revenue along with $18 million in assets, the "logical deduction to be drawn from that allegation is that [NCH] claims hundreds of thousands, if not millions of dollars of damage." (Doc. 8 at 2). Second, given the sheer cost of medical procedures, says Leapfrog, just losing one or two patients would cause damages over $75,000. (Doc. 8 at 4-7). The problem for Leapfrog is the former is unsupported by the Complaint and the latter is speculative.

The Complaint seeks injunctive relief to prevent Leapfrog's publication of NCH's safety grade. (Doc. 5 at 14-21). That is where Leapfrog finds the allegation that a loss a patients and revenue will significantly harm NCH and "impair its ability to operate." (Doc. 5 at 20). A fair reading of the Complaint, however, does not portend NCH will be unable to operate. Rather, the Complaint simply alleges NCH will suffer damages to its reputation and maybe lose patients. Nowhere in the Complaint does NCH hint at the publication of this grade will cause it to operate at a loss, forcing NCH to draw on its assets or obtain a line of credit. It is Leapfrog—not the Complaint—that raises those concerns. (Doc. 8 at 2). So the Court rejects Leapfrog's first argument.

Next, Leapfrog asks the Court to assume that NCH will lose patients, incurring damages. (Doc. 8 at 4-7). And those damages will exceed $75,000 because most medical procedures cost a lot of money. But that this is the type of speculation courts refuse to engage in. *E.g.*, *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (noting courts may make "reasonable inferences" but cannot engage in "conjecture, speculation, or star gazing"). None of those damages occurred and it is unclear whether they ever will. What is more, this argument also rests on a flawed premise—that courts can speculate on some future damages that may arise later. It is hornbook law "the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." *Id.* at 751; *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) ("[T]he jurisdictional facts that support removal must be judged at the time of removal, and any post-petition affidavits are allowable only if relevant to that period of time." (citation omitted)). As NCH makes clear, all that was in controversy at the time of removal was whether an injunction would issue. (Doc. 9 at 1 ("[T]he Complaint is a

complaint for injunctive relief, not damages.")). That injunction is valued from NCH's perspective, *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1268 (11th Cir. 2000), and NCH was not seeking damages for any lost patients or revenue at the time of removal. On this record, there is no indication outside pure guesswork there will be over $75,000 in damages. See *Univ. of S. Ala.*, 168 F.3d at 411 (holding all jurisdictional doubts are resolved in favor of remand).

In short, Leapfrog failed to carry its burden to show this case meets the amount in controversy requirement. So the Court does not have subject-matter jurisdiction and must remand to state court. 28 U.S.C. § 1447(c).

Accordingly, it is now

**ORDERED:**

1. This case is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida.
2. The Clerk is **DIRECTED** to transmit a certified copy of this Order to the Clerk of the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida.
3. The Clerk is **DIRECTED** to terminate any pending motions or deadlines and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 8th day of November, 2019.

*/s/ Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

4